No. 33,519

Josh Parks, *Appellee*, v. Swift & Company, and Security Mutual Casualty Company, *Appellants*.

(72 P. 2d 82)

Opinion filed October 9, 1937.

*Arthur J. Stanley*, of Kansas City, and *Russell Field*, of Kansas City, Mo., for the appellants.

*Norman B. Sortor* and *A. M. Etchen*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

Allen, J.: This is a workmen's compensation case. The compensation commissioner heard the evidence and award of compensation was denied. Thereafter claimant appealed to the district court. The court·found as follows:

"That at all of the times hereinafter mentioned the relationship of employer and employee existed between claimant and respondent; that the parties are governed by the workmen's compensation act of the state of Kansas; that the Security Mutual Casualty Company was, at all of the times hereinafter mentioned, the insurance carrier of respondent. That on or about the 4th day of October, 1936, claimant met with personal injury by accident arising out of and in the course of his employment with said respondent; that on said date said claimant received a small cut on the second finger of his right hand, which bled, and which thereafter became infected, and that said infection thereafter became systemic and involved claimant's entire body and particularly his face and inner ears, the hearing in claimant's left ear being totally destroyed, and the hearing in his right ear being sixty percent destroyed; that said loss of hearing is permanent; that said claimant was temporarily totally disabled by reason of his systemic infection for a period of sixteen weeks and four days; that claimant's average weekly wage was $17.60; that notice of accident and claim for compensation was duly made upon said re-

spondent and insurance carrier by claimant as required by law. That claimant is entitled to an award of compensation for his said disability."

Appellant contends that there was no substantial competent evidence that claimant's injury was caused by an accident arising out of and in the course of his employment; that the finding of the court that claimant sustained a systemic infection is based on surmise and conjecture; that there is no substantial competent evidence that the infection on claimant's face and ear arose from a like infection from the claimed injury by accident to the second finger of his right hand.

On this review we are concerned only with the evidence which supports or tends to support the findings made and we shall not consider evidence unfavorable thereto. (*Smith v. Cudahy Packing Co.*, 145 Kan. 36, 64 P. 2d 582; *Gallagher v. Menges & Mange Const. Co.*, ante, p. 506, 72 P. 2d 79.)

The claimant, a colored laborer, entered the employment of Swift and Company, beef-wash department, in its meat-packing house in Kansas City, Kan., on October 6, 1936. The claim for compensation filed with the compensation commission on December 19, 1936, recited: "Received small cut on hand, which continued as an open wound, and infection set in, settling in the ear, completely destroying hearing therein." "Loss of use of left ear" was alleged as the loss sustained. At the time of the trial amendment was made to the nature and extent of injury as follows: "And affecting claimant systemically."

The testimony of the claimant, as shown by the abstract, is as follows:

"Colored, living at 952 Walker, Kansas City, Kan. Twenty-eight years old. Worked for Swift & Company last October, pulling spines and washing cattle. In pulling spines 'it is a little crevice that goes between the backbone and you have to reach your fingers in there and pull out a cord about the size of my finger.' On October 4 cut second finger of my right hand through the nail and through that side. There is a mark now on the fingernail which has grown out further. It bled and continued to bleed. I wrapped it with a piece of rag and the next day got me some fingerstalls and put on it. The next two or three days after, I wore the fingerstall while I worked. I finally got sick and was sent home about October 22. I did not tell my foreman I was sick. He saw I was sick. He sent me home. Have not worked since. My face was broken out and Doctor Dugay, the plant doctor, put 'some stuff in my ear and give me some salve to go up here.' Doctor Faust treated me and a Doctor Fletcher. 'I got a pain in my head and deaf in one ear and the other one I can't hardly hear out of it and I itch all over and I got that breaking out down there and my legs is stiff all over. Have headaches and my head

just nearly bursts all the time. I get dizzy when I stoop over. I can't stick my hand up hardly. My arm is pretty near paralyzed. I was all right before October.' "

Four doctors testified that if the claimant received a cut on his finger, which became infected, and a kernel formed in his armpit, and a breaking out on his face occurred, it indicated a systemic infection. Claimant testified he received a cut on his finger, and several doctors testified to scars on his finger. Claimant testified as to the kernel in his armpit. The testimony of Doctor Faust is important:

"A. Well, he has still on his middle finger under the nail bed a condition that might have been the portal of entrance of some infection into his systemic circulation. . . .

"Q. If following this abrasion on his face [finger], and prior to his taking sick he had what he called a kernel under his arm, would that indicate anything to you? A. Yes, it would. It would indicate his filters were trying to pick up his infection coming from his finger. He also had kernels on his neck when he had his rash on his face. I told the court that.

"Q. If he had a kernel under his arm it would indicate the infection was coming from his finger, and it was trying to strain it off? A. Yes.

"Q. That it evidently broke on through and extended on up into the ear? A. That is possible.

"Q. Very probable, too, isn't it? A. It is."

The disability of the claimant was amply shown by the testimony of Doctor Krall. Upon an examination of the record we are clear there was sufficient evidence to support the finding of the trial court that claimant met with personal injury by accident arising out of and in the course of his employment, when he received a cut on his finger, and as a result of this cut he contracted an infection that resulted in the disability described.

The judgment must be affirmed. It is so ordered.